UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20043-Civ-COOKE/GOODMAN

ELIEZER TAPANES DOMINGUEZ,

    Plaintiff,

vs.

ACCOUNTS RECEIVABLE
RESOURCES, INC., *et al.*,

    Defendant.

_____/

## ORDER OF REFERRAL AND
## ORDER REGARDING COURT PRACTICES AND PROCEDURES

THIS MATTER came before the Court upon the filing of the Complaint, which the Court has reviewed. To efficiently, expeditiously, and economically resolve this dispute, it is **ORDERED** as follows:

### I.   COURT-MANDATED REQUIREMENTS IN FDCPA-BASED CASES

Plaintiff filed an action under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by which the Plaintiff claims injury from abusive, deceptive, or unfair collections or credit practices. To assist the Court in managing the case, the Plaintiff is **ORDERED** to file, *within 21 days of the date of this Order*, a <u>statement of claim</u>, no more than three double-spaced pages in length, summarizing the conduct complained of, relief requested, and reasons therefore. Also, within that allotted time, the Plaintiff must serve a copy of this Order, the statement of claim, and copies of all documents supporting the claim (*e.g.* records, sworn affidavits) on the Defendant's counsel. The Plaintiff must, on that same date, additionally file a notice of full compliance with this Order.

The Defendant, *within 14 days of service of the Plaintiff's statement of claim*, is **ORDERED** to file with this Court <u>a response</u> to the Plaintiff's statement and provide the Plaintiff with copies of all documents supporting its defenses. Concurrently, the Defendant must file a notice of full compliance with this Order.

The Parties are hereby advised that this case will be on the Court's FDCPA expedited-track calendar pursuant to which trial will be set nine months after the Plaintiff files the required statement of claim. Furthermore, barring the most extreme of compelling circumstances, *the Court will not grant any motions for a continuance and/or extensions of time*.

*Failure to comply with this Order may result in default, dismissal, and/or sanctions.*

I. **EXPEDITED SERVICE**

It is hereby **ORDERED and ADJUDGED** that, to expedite the processing of the action, Plaintiff will serve the Defendant with a copy of the summons and complaint <u>within 60 days of the date of this Order</u>. If Plaintiff is unable to do so, Plaintiff must provide an explanation to the Court as to the reason why Defendant has not been served within the allotted sixty days and must provide a detailed description of the attempts he has made to serve Defendant. It is further **ORDERED and ADJUDGED** that failure to comply with this Order may lead to immediate dismissal of this cause.

II. **REFERRAL OF CASE TO MAGISTRATE JUDGE**

This case is **REFERRED** to the Honorable Jonathan Goodman, United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.*

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge must be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference. Parties must also abide by Magistrate Judge Goodman's Discovery Procedures Order appended to this Order.

III. **NOTICE OF JOINT MOTIONS**

The parties are hereby notified that multiple Plaintiffs or Defendants must file joint dispositive motions with co-parties unless there are clear conflicts of positions or grounds for relief.

**DONE and ORDERED** in chambers, at Miami, Florida, this 7th day of January 2020.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20043-Civ-COOKE/GOODMAN

ELIEZER TAPANES DOMINGUEZ,

     Plaintiff,

vs.

ACCOUNTS RECEIVABLE
RESOURCES, INC., *et al.*,

     Defendant.

_____/

**MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER**

     The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman and where Judge Goodman is presiding over a case with full consent.

**OVERALL STATEMENT**

     The Court designed these procedures to help the Parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense. The procedures are designed to (1) promote the timely internal resolution of discovery disputes by the parties themselves so that they have no need to seek judicial intervention, (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes, (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice, and (4) assist the Court by prohibiting the submission of motions and memoranda which are unnecessary, overly long or both.

**MEET AND CONFER**

     Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. If counsel refuses to participate in a conversation, then the party seeking to a discovery hearing must so state in the required certificate of conference and outline the efforts made to have a conversation.

     The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery

response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery hearing notice.

### **DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS**

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions will be filed unless specifically authorized by the Court.[1] Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The party seeking the discovery hearing must contact Chambers at (305) 523-5720 to place the matter on the next available discovery calendar. That party will be provided with available dates and will then confer with opposing counsel and confirm his or her availability for the discovery calendar. Once opposing counsel has confirmed availability, the party seeking the hearing will contact Chambers again to finalize the hearing date. [**NOTE**: The longer a party waits to contact Chambers to follow through after being provided with available times, the more likely it is that the hearing date will no longer be available. Therefore, the Court encourages parties seeking discovery hearings to follow through on a timely basis and confirm the hearing date.].

On the same day that Chambers confirms that the matter is being placed on the discovery calendar, the party seeking the discovery hearing must provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing must **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10" or "The Parties disagree about whether Defendant produced an adequate 30(b)(6) witness on the topics listed in the notice.") Ordinarily, no more than 20 minutes per side will be permitted. **The party scheduling the hearing must include in this Notice of Hearing a certificate of good faith that complies with Southern District of Florida Local Rule 7.1(a)(3).** The Court will strike hearing notices which do not include a sufficient local rule certificate.

The party who scheduled the discovery hearing must provide the Court a copy of all *source* materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the date that the

---

[1] Nevertheless, if the parties wish to submit an **agreed-upon** discovery order, such as a standard confidentiality-type of protective order, then they must (1) file a Notice of Proposed Stipulated Order with the proposed order attached to the notice and (2) submit a Word-version courtesy copy to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). This Order does not prohibit that submission because there is not a discovery *dispute*; instead, there is an *agreement* about a discovery issue.

Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, then the interrogatories at issue and the responses thereto, must be provided.) Source material is the actual discovery at issue. Source material is **not** memoranda or letters to the Court which are, for all intents and purposes, a mini-brief. The opposing party may submit additional source material to the CM/ECF mailbox, as well.

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**. The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may submit a "notice of authorities," which will list only the authorities, but which will not contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should briefly explain the extraordinary need, but the actual discovery motion or memorandum should not be attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely**.

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than 10 depositions in the absence of consent; (2) whether a deposition may last more than 7 hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether an interrogatory answer is adequate or whether better answers are required; and (14) whether a party engaged in a strategically unfair "document

dump" which makes it difficult for a party to know which documents are responsive to a request. These are all *routine* discovery disputes which require the submission of only the Notice of Hearing, source material and, at most, an argument-free list of authorities.

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rules of Civil Procedure or Local Rules, except as noted above.

## PRE-HEARING DISCUSSIONS

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel must also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

## EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

## NO BOILERPLATE DISCOVERY OBJECTIONS

### "Vague, Overly Broad and Unduly Burdensome"

Parties will not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection must state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to

voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

### "Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"

An objection that a discovery request is irrelevant or "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); S. D. Fla. L. R. 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. Moreover, the Federal Rules of Civil Procedure now specifically prohibit that practice (which was deemed inappropriate by many judges and commentators). For example, Federal Rule of Civil Procedure 34(b)(2)(C) now provides that an objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection." In addition, it also says that "an objection to part of a request must specify the part and permit inspection of the rest." Therefore, counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis</u>.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. S. D. Fla. L. R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege." The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 7th day of January 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
*Marcia G. Cooke, U.S. District Judge*
*Counsel of record*