**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:20-CV-20043-MGC**

**ELIEZER TAPANES DOMINGUEZ,**

    **Plaintiff,**

**v.**

**ACCOUNTS RECEIVABLE RESOURCES, INC.**
**d/b/a AR RESOURCES, INC., and**
**OLYMPIA, LLP,**

    **Defendants.**
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant, AR RESOURCES, INC., ("Defendant" or "ARR"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only; otherwise denied.

2. Admitted for jurisdictional purposes only; otherwise denied.

3. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

4. Admitted that Plaintiff is a natural person; otherwise, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

5. Admitted.

6. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

7. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

8. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

9. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

10. Admitted Plaintiff requests a trial by jury.

11. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

12. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

13. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

14. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

15. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

16. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

17. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

18. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

19. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

20. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

21. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

22. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

23. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

24. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

25. Admitted.

26. Admitted.

27. Admitted.

28. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

29. Admitted Exhibit "A" speaks for itself; otherwise denied.

30. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

31. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

## **COUNT I**

32. Defendant reassert its responses to Plaintiffs 1 through 31 of Plaintiff's Complaint as stated above.

33. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

34. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

35. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

36. Admitted the FDCPA states what it states; otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT II

41. Defendant reassert its responses to Plaintiffs 1 through 31 of Plaintiff's Complaint as stated above.

42. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

43. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

44. Admitted Fla. Stat. § 440 states what it state; otherwise denied.

45. Admitted the FCCPA states what it states; otherwise denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT III

49. Defendant reassert its responses to Plaintiffs 1 through 31 of Plaintiff's Complaint as stated above.

50. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient

information or knowledge to determine the veracity of the allegations contained in this paragraph.

51. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

52. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

53. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

54. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

55. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

56. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

57. This paragraph is not aimed at the responding Defendant, ARR. As such, no response is required hereto. To the extent any response is required, Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he/she has suffered no injury-in-fact as the result of any act or omission by Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's FDCPA. FCCP and/or TCPA claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law in its dealings with Plaintiffs was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiffs' claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant