**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 20-20043-CIV-COOKE/GOODMAN

ELIEZER TAPANES DOMINGUEZ,

Plaintiff,

vs.

ACCOUNTS RECEIVABLE RESOURCES, INC. d/b/a AR RESOURCES, INC., and OLYMPIA, LLP,

Defendants.
_________________________________________/

**DEFENDANT OLYMPIA, LLP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, OLYMPIA, LLP (hereinafter, "Olympia"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Complaint, and states as follows:

**JURISDICTION AND VENUE**

1. Olympia admits the allegations in paragraph 1 of Plaintiff's Complaint for jurisdictional purposes only. Otherwise, denied.

2. Olympia admits the allegations in paragraph 2 of Plaintiff's Complaint for jurisdictional purposes only. Otherwise, denied.

3. Olympia is without sufficient information or knowledge as to the allegations in paragraph 3 of Plaintiff's Complaint, and therefore, the allegations are denied.

**PARTIES**

4. Olympia is without sufficient information or knowledge as to the allegations in paragraph 4 of Plaintiff's Complaint, and therefore, deny the allegations.

5. Olympia is without sufficient information or knowledge as to the allegations in paragraph 5 of Plaintiff's Complaint, and therefore, deny the allegations.

6. Olympia is without sufficient information or knowledge as to the allegations in paragraph 6 of Plaintiff's Complaint, and therefore, deny the allegations.

7. Olympia is without sufficient information or knowledge as to the allegations in paragraph 7 of Plaintiff's Complaint, and therefore, deny the allegations.

8. Admitted.

9. Denied as phrased.

**DEMAND FOR JURY TRIAL**

10. This is not an allegation but, instead, a demand for jury trial. To the extent a response is required, Olympia admits that the Plaintiff has demanded a jury trial.

**FACTUAL ALLEGATIONS**

11. Olympia is without sufficient information or knowledge as to the allegations in paragraph 11 of Plaintiff's Complaint, and therefore, deny the allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied as phrased.

20. Denied.

21. Olympia is without sufficient information or knowledge as to the allegations in paragraph 21 of Plaintiff's Complaint, and therefore, deny the allegations.

22. Olympia is without sufficient information or knowledge as to the allegations in paragraph 22 of Plaintiff's Complaint, and therefore, deny the allegations.

23. Olympia is without sufficient information or knowledge as to the allegations in paragraph 23 of Plaintiff's Complaint, and therefore, deny the allegations.

24. Olympia is without sufficient information or knowledge as to the allegations in paragraph 24 of Plaintiff's Complaint, and therefore, deny the allegations.

25. Olympia is without sufficient information or knowledge as to the allegations in paragraph 25 of Plaintiff's Complaint, and therefore, deny the allegations.

26. Olympia is without sufficient information or knowledge as to the allegations in paragraph 26 of Plaintiff's Complaint, and therefore, deny the allegations.

27. Olympia is without sufficient information or knowledge as to the allegations in paragraph 27 of Plaintiff's Complaint, and therefore, deny the allegations.

28. Olympia is without sufficient information or knowledge as to the allegations in paragraph

28 of Plaintiff's Complaint, and therefore, deny the allegations.

29. Olympia is without sufficient information or knowledge as to the allegations in paragraph 29 of Plaintiff's Complaint, and therefore, deny the allegations.

30. Olympia is without sufficient information or knowledge as to the allegations in paragraph 30 of Plaintiff's Complaint, and therefore, deny the allegations.

31. Olympia is without sufficient information or knowledge as to the allegations in paragraph 31of Plaintiff's Complaint, and therefore, deny the allegations.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)**
**(against Defendant-DC)**

32. This is not an allegation but, instead, a mere restatement of prior allegations and thus, no response is required. To the extent a response is required, denied.

33. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

34. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

35. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

36. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

37. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

38. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

39. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

40. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**(against Defendant-DC)**

41. This is not an allegation but, instead, a mere restatement of prior allegations and thus, no response is required. To the extent a response is required, denied.

42. This allegation is not directed toward Olympia and, therefore, no response is required. If

a response is required, Olympia denies the allegations.

43. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

44. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

45. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

46. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

47. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

48. This allegation is not directed toward Olympia and, therefore, no response is required. If a response is required, Olympia denies the allegations.

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.72(5)**
**(against Defendant-Creditor)**

49. This is not an allegation but, instead, a mere restatement of prior allegations and thus, no response is required. To the extent a response is required, denied.

50. Fla. Stat. § 440.13(2)(a) speaks for itself. Otherwise, denied.

51. Fla. Stat. § 440.13(13)(a) speaks for itself. Otherwise, denied.

52. Fla. Stat. § 440.13 speaks for itself. Otherwise, denied.

53. Fla. Stat. § 559.72(5) speaks for itself. Otherwise, denied.

54. Denied.

55. Denied.

56. Denied.

57. Olympia denies any and all allegations contained in Plaintiff's Prayer for Relief, and specifically denies that Plaintiff is entitled to any relief stated therein.

58. Any and all allegations not specifically admitted to herein are denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

As its first affirmative defense, Olympia asserts that to the extent that any violation of the Florida Consumer Collection Practices Act (Fla. Stat. 559.72) occurred, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably

adopted to avoid such errors, and thus Olympia cannot be found liable.

**SECOND DEFENSE**

As its second affirmative defense, Olympia asserts that at all times Olympia acted in good faith and without malice or intent to injure Plaintiff or to violate Florida state law.

**THIRD DEFENSE**

As its third affirmative defense, Olympia asserts that Plaintiff has failed to state a claim against Olympia to recover under the Florida Consumer Collection Practices Act (Fla. Stat. 559.72) because Plaintiff does not allege how, if at all, the disclosure of the Consumer Debt to Defendant-DC affected Plaintiff's reputation.

**FOURTH DEFENSE**

As its fourth affirmative defense, Olympia asserts that Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

**FIFTH DEFENSE**

As its fifth affirmative defense, Olympia asserts, without admitting any liability, that the Plaintiff has suffered no injury-in-fact and/or damage to his reputation.

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, OLYMPIA, LLP, respectfully requests that Plaintiff, ELIETZER TAPANES DOMINGUEZ's, requested relief be denied and for such other relief as the court deems just and proper.

Dated: February 14, 2020

Respectfully submitted,

By: s/ Bradley Kaplan

BRADLEY J. KAPLAN (848131)
bkaplan@kaplantriallawyers.com
KAPLAN TRIAL LAWYERS
9410 S.W. 77th Avenue
Miami, FL 33156
Tel: 305-274-7533
Fax: 305-274-7855
Attorney for Defendant Olympia, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Bradley Kaplan
Bradley J. Kaplan

[ REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**SERVICE LIST**

***Eliezer Tapanes Dominguez v. Accounts Receivable Resources, Inc., et al.***
***Case No. 20-20043-CIV-COOKE/GOODMAN***
***United States District Court, Southern District of Florida***

Jibrael S. Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esq.
Tom@jibraelaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
TelePhone: (954) 907-1136
Facsimile: (855) 529-9540
Attorneys for Plaintiff

Paul A. Herman, Esq.
paul@consumeradvocatelaw.com
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Telephone: (561) 236-8851
Facsimile: (561) 431-2352
Attorney for Plaintiff

Joel A. Brown, Esq.
joel.brown@friedmanandbrown.com
Friedman & Brown, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Telephone: (954) 966-0111
Attorneys for Plaintiff

Dale T. Golden, Esq.
dgolden@gsgfirm.com
Charles J. McHale
cmchale@gsgfirm.com
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
Counsel for Defendant Accounts Receivable Resources, Inc.